# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00013-MR
# [CRIMINAL CASE NO. 1:17-cr-00092-MR-WCM-1]

| | |
|---|---|
| PRESSLEY ANTONIO DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | <u>O R D E R</u> |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and finds that the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255. The petition also appears to be timely filed. However, the Court cannot discern the claim that Petitioner is intending to bring. Petitioner pleaded guilty to and was convicted of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Crim. Case No. 1:17-cr-00092-MR-WCM ("CR"),

Doc. 55: Judgment]. As his sole claim in the present motion, Petitioner alleges that he "was convicted of use and carry firearm and in relation to a drug-trafficking crime. However, I was not convicted of firearm nor drug possessions." [Doc. 1 at 2].

In addition to the offense under 18 U.S.C. § 924(c)(1)(A), Petitioner was also originally indicted for, among other things, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [CR Doc. 1: Indictment; CR Doc. 35: Plea Agreement]. As part of the plea agreement, and in exchange for Petitioner pleading guilty to the § 924(c)(1)(A) charge, the Government agreed to dismiss these and other additional charges. [CR, Doc. 35]. The dismissal of these additional charges did not prevent Petitioner from subsequently being convicted on the § 924(c)(1)(A) charge. Thus, if Petitioner is contending that he cannot be convicted under 18 U.S.C. § 924(c)(1)(A), if he was not also convicted under 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a)(1), then his claim is frivolous. The Court further notes that, pursuant to the written plea agreement, Petitioner agreed to waive all rights to contest his conviction and/or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 35 at 4 ¶ 20].

Nevertheless, the Court will grant Petitioner the opportunity to amend his motion to vacate to more fully articulate his claims. Petitioner may also, if he wishes, voluntarily dismiss this action so he will have another chance to bring other claims in a subsequent motion to vacate.[1]

Finally, Petitioner has not filed his motion to vacate on a form used in this district for motions to vacate brought under Section 2255. The Court will, therefore, instruct the Clerk's office to mail Petitioner a Section 2255 form for Petitioner to fill out and submit to this Court, more specifically articulating his claim.

**IT IS, THEREFORE, ORDERED** that the Clerk shall mail Petitioner a form used for Section 2255 motions to vacate. Petitioner shall have twenty-one (21) days to fill out the form and return it to this Court. If Petitioner fails to return the completed form to this Court within twenty-one (21) days, the Court may dismiss the petition without further notice and without prejudice to Petitioner.

**IT IS SO ORDERED.**

Signed: March 2, 2019

Martin Reidinger
United States District Judge

---

[1] It appears, however, that such motion to vacate would now be time-barred under 28 U.S.C. § 2255(f)(1).

3